UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

ADVANCED TECHNOLOGIES GROUP, LTD.,
ALEXANDER STELMAK, and
ABELIS RASKAS,

        Defendants.

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/11

10 Civ. 4868 (RJS)

ECF Case

## FINAL JUDGMENT AS TO DEFENDANT ABELIS RASKAS

The Securities and Exchange Commission having filed a Complaint and Defendant Abelis Raskas having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

(a)     Defendant is jointly and severally liable with Defendants Advanced Technologies Group, Ltd. ("ATG") and Alexander Stelmak ("Stelmak") for disgorgement of $3,639,920.00, representing proceeds received as a result of the conduct related to the offerings of unregistered securities of Luxury Lounge, Inc., as alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,110,028.03, for a total of $4,749,948.03 (the "Raskas Judgment").

(b) Defendant shall satisfy the Raskas Judgment by paying $4,749,948.03 pursuant to the terms of the payment schedule set forth in paragraph II below, except to the extent that the Raskas Judgment, or any installment payment thereof, is satisfied by funds from Defendants ATG and Stelmak as described in paragraph II below.

(c) Payments made by Raskas pursuant to the schedule set forth in paragraph II below shall be made to the Clerk of this Court, together with a cover letter identifying Raskas as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Raskas shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Raskas relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Raskas, except as may be provided by the Court. Raskas shall not pay post-judgment interest pursuant to 28 U.S.C. § 1961 on payments made in accordance with the payment schedule set forth in paragraph II below. Raskas shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

(d) The Clerk shall deposit the funds paid pursuant to sub-paragraph (a) above into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed,

        without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

(e)     The Commission will by motion propose a Plan of Distribution subject to the Court's approval (the "Proposed Plan"). The Proposed Plan will provide, among other things, that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by Section 929B of the Dodd-Frank Wall Street Reform and Consumer Protection Act, to investors who bought unregistered securities of Oxford Global Network, Ltd., Luxury Lounge, Inc., and ATG in the Offerings described in the Commission's Complaint in this action.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Raskas shall pay $4,749,948.03 in 10 installments according to the following schedule:

(1) within 14 days after entry of judgment, $1,836,573.00;

(2) $323,708.34 on or before the 17th day of the first calendar month after entry of judgment;

(3) $323,708.34 on or before the 17th day of the second calendar month after entry of judgment;

(4) $323,708.34 on or before the 17th day of the third calendar month after entry of judgment;

(5) $323,708.34 on or before the 17th day of the fourth calendar month after entry of judgment;

(6) $323,708.34 on or before the 17th day of the fifth calendar month after entry of judgment;

(7) $323,708.34 on or before the 17th day of the sixth calendar month after entry of judgment;

(8) $323,708.33 on or before the 17th day of the seventh calendar month after entry of judgment;

(9) $323,708.33 on or before the 17th day of the eighth calendar month after entry of judgment; and

(10) $323,708.33 on or before the 17th day of the ninth calendar month after entry of judgment.

Raskas shall be excused from paying the specified payments above in the event that, and to the extent that, Defendants ATG and Stelmak satisfy the full amount of their payment(s) due in the same calendar month, as set forth in the schedule in ATG's and Stelmak's separate judgment in this action.

If Defendant Raskas shall fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, and Defendants ATG and Stelmak have not satisfied such payment, all outstanding payments under this Final Judgment, plus post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to (a) comply with the Stipulation and Order Imposing Limited Asset Freeze, dated August 17, 2010, as may be modified or amended by consent of the Defendant and the Commission, or further order of the Court; and (b) comply with the obligations imposed upon him by any Plan of Distribution proposed by the Commission and approved by the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Plan of Distribution proposed by the Commission and approved by the Court.

Dated: Jan 12, 2011

UNITED STATES DISTRICT JUDGE

Nov 17 10 09:47a    Microsoft a1                                    5614169551            p.1

*Copy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,           :
                                              :
            Plaintiff,                        :
                                              :
      -against-                               :
                                              :   10 Civ. 4868 (RJS)
ADVANCED TECHNOLOGIES GROUP, LTD.,            :
ALEXANDER STELMAK, and                        :   ECF Case
ABELIS RASKAS,                                :
                                              :
            Defendants.                       :
------------------------------------------------------------X

## CONSENT OF DEFENDANT ABELIS RASKAS

1.   Defendant Abelis Raskas ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.   Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay disgorgement in the amount of $3,639,920.00, plus prejudgment interest thereon in the amount of $1,110,028.03.

3.   Defendant undertakes to (a) comply with the Stipulation and Order Imposing Limited Asset Freeze, dated August 17, 2010, as may be modified or amended by consent of the Defendant and the Commission, or further order of the Court; and (b) comply with the obligations imposed upon him by any Plan of Distribution proposed by the Commission and

approved by the Court for the distribution of the amounts disgorged by Defendant and Defendants Advanced Technologies Group, Ltd., and Alexander Stelmak.

4.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

      11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment, and any Plan of Distribution proposed by the Commission and approved by the Court.

Dated: _November, 17, 2010_         _Abelis Raskas_
                                    Abelis Raskas

On _November 17_, 2010, _ABELIS RASKAS_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Janet S. Walker_
Notary Public
Commission expires: _09/09/11_

NOTARY PUBLIC-STATE OF FLORIDA
Janet S. Walker
Commission #DD698026
Expires: SEP. 09, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

Approved as to form:

_____

Michael S. Fischman
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
Tel: (212) 841-0580
Fax: (212) 262-5152

Attorney for Defendant

5