**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,                          :
                                                             :
          **Plaintiff,**                     :
                                                             :
  -against-                                        :
                                                             :
ADVANCED TECHNOLOGIES GROUP, LTD.,                           :
ALEXANDER STELMAK, and                                       :
ABELIS RASKAS,                                               :
                                                             :
          **Defendants.**                   :
--------------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/11
```

**10 Civ. 4868 (RJS)**

**ECF Case**

### FINAL JUDGMENT AS TO DEFENDANTS ADVANCED
### TECHNOLOGIES GROUP, LTD. AND ALEXANDER STELMAK

    The Securities and Exchange Commission having filed a Complaint and Defendants

Advanced Technologies Group, Ltd. ("ATG"), and Alexander Stelmak ("Stelmak") (together,

"Defendants") having entered a general appearance; consented to the Court's jurisdiction over

them and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that ATG and any of its

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act

of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) & (c)] by, directly or indirectly, in the absence of

any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

(d) This prohibition shall not apply, however, to any actions taken by ATG in connection with the implementation of any plan of distribution of the Fund (as defined in Paragraph VI(g) below) as may be proposed by the Commission and approved by the Court in this action (the "Plan of Distribution").

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Stelmak and any of his agents, servants, employees, attorneys, and all persons in active concert or

2

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

    (d)    This prohibition shall not apply, however, to any actions taken by Stelmak in connection with the implementation of the Plan of Distribution.

3

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Stelmak is barred for a period of five years from the date of the entry of this Final Judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1]. This prohibition shall not apply, however, to any actions taken by Stelmak in connection with the implementation of the Plan of Distribution.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that ATG and any of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are restrained and enjoined for a period of five years from the date of the entry of this Final Judgment from directly or indirectly participating in any unregistered securities offering. This prohibition shall not apply, however, to any actions taken by ATG in connection with the implementation of the Plan of Distribution.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Stelmak and any of his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are restrained and enjoined for a period of five years from the date of the entry of this Final Judgment from directly or indirectly participating in any unregistered securities offering.

4

This prohibition shall not apply, however, to any actions taken by Stelmak in connection with the implementation of the Plan of Distribution.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a)     Defendants ATG and Stelmak are jointly and severally liable for disgorgement of $14,741,760.76, representing proceeds received as a result of the conduct concerning ATG, Luxury Lounge, Inc., and Oxford Global Network, Ltd. alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,444,775.56.

(b)     Defendants shall satisfy this obligation by paying $19,186,536.32, pursuant to the terms of the payment schedule set forth in paragraph VII below.

(c)     Payments made by Defendants ATG and Stelmak pursuant to the payment schedule set forth in paragraph VII below shall be paid to the Clerk of the Court together with a cover letter identifying ATG and Stelmak as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. ATG and Stelmak shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making such payment, ATG and Stelmak relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to ATG and Stelmak, except as may be provided by the Court. ATG and Stelmak shall not pay post-judgment interest pursuant to 28 U.S.C. § 1961 on payments made in accordance with the payment schedule set forth in paragraph VII below. ATG and Stelmak shall pay

5

post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

(d)     Defendant ATG shall pay a civil penalty in the amount of $65,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. ATG shall make this payment within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying ATG as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. ATG shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, ATG relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to ATG. ATG shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

(e)     Defendant Stelmak shall pay a civil penalty in the amount of $6,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Stelmak shall make this payment within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Stelmak as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Stelmak shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Stelmak relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Stelmak. Stelmak shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

(f)     The Clerk shall deposit the funds paid pursuant to sub-paragraphs (a), (d) and (e)

        above into an interest bearing account with the Court Registry Investment System

        ("CRIS") or any other type of interest bearing account that is utilized by the Court.

        These funds, together with any interest and income earned thereon (collectively,

        the "Fund"), shall be held in the interest bearing account until further order of the

        Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director

        of the Administrative Office of the United States Courts, the Clerk is directed,

        without further order of this Court, to deduct from the income earned on the

        money in the Fund a fee equal to ten percent of the income earned on the Fund.

        Such fee shall not exceed that authorized by the Judicial Conference of the United

        States.

(g)     The Commission will by motion propose a Plan of Distribution subject to the

        Court's approval (the "Proposed Plan").  The Proposed Plan will provide, among

        other things, that the Fund shall be distributed pursuant to the Fair Fund

        provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by

        Section 929B of the Dodd-Frank Wall Street Reform and Consumer Protection

        Act, to investors who bought unregistered securities of Oxford Global Network,

        Ltd., Luxury Lounge, Inc., and ATG in the Offerings described in the

        Commission's Complaint in this action.  Regardless of whether any such Fair

        Fund distribution is made, amounts ordered to be paid as civil penalties pursuant

        to this Judgment shall be treated as penalties paid to the government for all

        purposes, including all tax purposes.  To preserve the deterrent effect of the civil

        penalty, Defendants shall not, after offset or reduction of any award of

                                            7

compensatory damages in any Related Investor Action based on their payment of

disgorgement in this action, argue that they are entitled to, nor shall they further

benefit by, offset or reduction of such compensatory damages award by the

amount of any part of their payment of a civil penalty in this action ("Penalty

Offset"). If the court in any Related Investor Action grants such a Penalty Offset,

Defendants shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the

Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission

directs. Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this

Judgment. For purposes of this paragraph, a "Related Investor Action" means a

private damages action brought against Defendants by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this

action.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

ATG and Stelmak shall pay $19,186,536.32, less any amount paid by Defendant Abelis Raskas,

in 10 installments according to the following schedule:

(1) within 14 days of the entry of judgment, $14,835,000.00 less any amount previously

paid by Defendant Abelis Raskas;

(2) on or before the 15th of the first calendar month after the entry of judgment,

$528,371.38 less any amount paid by Defendant Abelis Raskas in the time period between

installment 1 and installment 2;

8

(3) on or before the 15th of the second calendar month after the entry of judgment, $519,315.07 less any amount paid by Defendant Abelis Raskas in the time period between installment 2 and installment 3;

(4) on or before the 15th of the third calendar month after the entry of judgment, $520,350.07 less any amount paid by Defendant Abelis Raskas in the time period between installment 3 and installment 4;

(5) on or before the 15th of the fourth calendar month after the entry of judgment, $514,916.28 less any amount paid by Defendant Abelis Raskas in the time period between installment 4 and installment 5;

(6) on or before the 15th of the fifth calendar month after the entry of judgment, $512,328.77 less any amount paid by Defendant Abelis Raskas in the time period between installment 5 and installment 6;

(7) on or before the 15th of the sixth calendar month after the entry of judgment, $507,153.73 less any amount paid by Defendant Abelis Raskas in the time period between installment 6 and installment 7;

(8) on or before the 15th of the seventh calendar month after the entry of judgment, $504,307.46 less any amount paid by Defendant Abelis Raskas in the time period between installment 7 and installment 8;

(9) on or before the 15th of the eighth calendar month after the entry of judgment, $500,296.80 less any amount paid by Defendant Abelis Raskas in the time period between installment 8 and installment 9; and

(10) on or before the 15th of the ninth calendar month after the entry of judgment, $244,496.76 less any amount paid by Defendant Abelis Raskas in the time period between installment 9 and installment 10.

If ATG and Stelmak fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, plus post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of ATG and Stelmak are incorporated herein with the same force and effect as if fully set forth herein, and that ATG and Stelmak shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, ATG's and Stelmak's undertakings to (a) comply with the Stipulation and Order Imposing Limited Asset Freeze, dated August 17, 2010, as may be modified or amended by consent of the Defendants and the Commission, or further order of the Court; and (b) comply with the obligations imposed upon each of them by the Plan of Distribution proposed by the Commission and approved by the Court.

10

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and any

Plan of Distribution proposed by the Commission and approved by the Court.


Dated: Jan. 12, 2011

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,     :

                                 :

              **Plaintiff,**          :

                                 :

   -against-                       :

                                 :    **10 Civ. 4868 (RJS)**

ADVANCED TECHNOLOGIES GROUP, LTD.,    :

ALEXANDER STELMAK, and           :    **ECF Case**

ABELIS RASKAS,                   :

                                 :

             **Defendants.**     :

-------------------------------------------------------------x

## CONSENT OF DEFENDANTS ADVANCED
## TECHNOLOGIES GROUP, LTD. AND ALEXANDER STELMAK

     1.     Defendants Advanced Technologies Group, Ltd. ("ATG") and Alexander Stelmak

(together, "Defendants") acknowledge having been served with the Complaint in this action,

enter a general appearance, and admit the Court's jurisdiction over Defendants and over the

subject matter of this action.

     2.     Without admitting or denying the allegations of the Complaint (except as to

personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to

the entry of the final judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

          (a)     permanently restrains and enjoins each of Defendants from violation of

Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) &

(c)];

        (b)     restrains and enjoins each of Defendants from any direct or indirect participation in any unregistered securities offerings for five years following the date of entry of this Final Judgment;

        (c)     restrains and enjoins Defendant Stelmak from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] for five years from the date of entry of this Final Judgment;

        (d)     orders Defendants ATG and Stelmak to pay disgorgement in the amount of $14,741,760.76, plus prejudgment interest thereon in the amount of $4,444,775.56, less any amounts paid by Defendant Abelis Raskas pursuant to the Final Judgment entered in this case against him;

        (e)     orders Defendant ATG to pay a civil penalty in the amount of $65,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and

        (f)     orders Defendant Stelmak to pay a civil penalty in the amount of $6,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

      3.     Defendants acknowledge that the civil penalties paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalties shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of civil penalties in this action

2

("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalties imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendants undertake to (a) comply with the Stipulation and Order Imposing Limited Asset Freeze, dated August 17, 2010, as may be modified or amended by consent of Defendants ATG and Stelmak and the Commission, or further order of the Court; and (b) comply with the obligations imposed upon each of them by any Plan of Distribution proposed by the Commission and approved by the Court for the distribution of the amounts disgorged by Defendants and Defendant Abelis Raskas.

3

6. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

9. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

4

Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

13.     Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

5

14.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action.  For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendants agree that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment, and any Plan of Distribution proposed by

the Commission and approved by the Court.

Dated: _Nov. 16, 2010_

_____
Alexander Stelmak

On _November 16_, 2010, _Alexander Stelmak_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent

_____
Notary Public
Commission expires:

HAROLDO RODRIGUEZ JR
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES MAY 10, 2012

Advanced Technologies Group, Ltd.

By: _____
Alexander Stelmak
Chairman and CFO
331 Newman Springs Rd.
Building 1, Suite 143
Red Bank, NJ 07701
USA

On _November 16_, 2010, _Alexander Stelmak_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of _ADVANCED TECHNOLOGIES GROUP, LTD_ as its _CHAIRMAN AND CEO_

_____
Notary Public
Commission expires:

HAROLDO RODRIGUEZ JR
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES MAY 10, 20

Approved as to form:

_____
Lawrence Iason
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017
Ph:  (212) 880-9558
Fax: (212) 856-9494

Attorney for Defendants ATG and Alexander Stelmak

7